In the Matter of AARON R. FODIMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 10, 1982

### APPEARANCES OF COUNSEL

*James R. Cohen* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Philip J. Hirschkop* of counsel (*Hirschkop & Grad, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The Departmental Disciplinary Committee for the First Judicial Department, has moved for an order confirming a referee's report, dated February 26, 1982, which concludes that respondent has been convicted of three counts of a "serious crime", and recommends that he be suspended from the practice of law for a period of three years.

Respondent was admitted to practice in the First Department on March 16, 1961.

On July 13, 1979 he was convicted, upon his plea of guilty, in the United States District Court for the District of New Jersey on three counts of the crime of aiding, abetting and inducing another to bribe a bank officer to

procure a loan in violation of sections 2 and 215 of title 18 of the United States Code, and was committed to the custody of the Attorney General for a period of one year on each count, to be served consecutively, and fined $5,000. Execution of the sentence was suspended and respondent was placed on probation for five years.

Respondent denied that the crime was a "serious crime", and a hearing was ordered, pursuant to section 90 (subd 4, par h) of the Judiciary Law. In the interim respondent was suspended from the practice of law. The hearing was held on November 18, 1981, before Referee Peter J. O'Connor.

The evidence indicated that on March 27, 1974 plaintiff induced his client, Nelvin Banner, to give to James Neveras, a bank officer, $5,000, so that Banner could obtain a loan for $50,000; that on April 16, 1974 respondent assisted Neveras in obtaining the $5,000; and that on April 1, 1975 respondent again aided and abetted Neveras in receiving $2,400 for his endeavors in procuring another loan, in the sum of $24,000. As a result of his conviction, respondent was disbarred in the District of Columbia, and suspended from practice for two years in Virginia, and as one of the conditions of his plea, has had to resign from all Bar associations with which he was affiliated.

The referee found that respondent was estopped by his plea from now relitigating his guilt or innocence. The referee also found that the crime is a serious crime because "a necessary element * * * includes * * * bribery * * * or solicitation of another to commit a serious crime" (Judiciary Law, § 90, subd 4, par d; 22 NYCRR 603.12 [b]), and "the federal crime of which respondent was convicted, and New York's statutory crime of commercial bribing in the first degree [both involved] the common element of payment by a person to an employee of a business concern for favorable treatment of that person by the business concern."

The evidence is clear that the bribery of which respondent has been convicted is a serious crime, as defined by section 90 (subd 4, par d) of the Judiciary Law. A suspension for three years is justified. Respondent was convicted of three crimes which involved three different loans. He

told the court at sentencing that he would resign from the New York Bar Association, when, in fact, he was not a member, and that membership in the Bar Association in New York was integrated with his right to practice. Thus, the court was given the impression that resignation would effectively terminate his right to practice. The referee also found respondent to be lacking candor during the hearing, when questioned as to his explanation for misleading the Judge.

Accordingly, the motion to confirm the referee's report should be granted, and respondent suspended from the practice of law in the State of New York for three years and until further notice of this court.

MURPHY, P. J., KUPFERMAN, BIRNS, SANDLER and SULLIVAN, JJ., concur.

Motion to confirm report of the referee granted and respondent is suspended from practice as an attorney and counselor at law in the State of New York for a period of three years effective July 8, 1982 and until the further order of this court.